UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER 26-211 |
| ABDEL ADHAMI | * | SECTION "P" |

**DEFENDANT'S EMERGENCY MOTION AND INCORPORATED MEMORANDUM TO REVOKE THE STAY OF MR. ADHAMI'S RELEASE**

After extensive testimony over the course of two days, Judge North determined that Abdel Adhami is entitled to release. Not only that, *U.S. Probation* determined that Mr. Adhami was entitled to release following its own independent investigation, including listening to the government agent's testimony this past Wednesday. In other words, the government is alone in its view that Abdel Adhami should be detained. The government is free to disagree with those determinations and appeal Judge North's order through a motion to revoke, which it has filed. But that motion included—as seemingly an afterthought—a second request for extraordinary relief: A *stay* of the defendants' release while this matter is adjudicated, meaning, the government is seeking to keep Mr. Adhami in pretrial detention without a detention order under the Bail Reform Act. The government has wholly failed to address the stay factors in its motion for a stay, and accordingly, that motion should be denied and Mr. Adhami should be released while the Court decides the government's motion to revoke Judge North's release order.

Abdel Adhami is a United States citizen and business owner, who has no prior criminal record. He lives in Mandeville with his wife, three young children, and his

parents. He has proposed that his friend and neighbor, David DeRoche, who served thirty years in law enforcement, including as a detective through Jefferson Parish Sheriff's Office, as his third-party custodian to ensure his compliance with his conditions of release. As Mr. DeRoche testified at the detention, he is indeed aware of the allegations in the indictment, specifically allegations that Mr. Adhami sent funds to a third-party who is now believed to be a member of Hamas. Nevertheless, Mr. DeRoche, whose wife is also good friends with Mr. Adhami's wife, is confident in Mr. Adhami's ability to comply with the terms of release testifying in sum and substance that: "I know he's a loving father and husband, and you know he was the … breadwinner for his household, his mother and father live there. I don't believe there would be any risk, and certainly I would help in ensuring that he adheres to the court ordered conditions of a release if he is released on bond."

In its motion for a stay and for revocation of Judge North's release order, ECF No. 48, the government mentions the idea of a stay in passing but does not cite any authority in support of that passing request. Indeed, the government has failed to even address—much less actually satisfy—the stringent standard for entitlement to a stay, under which the government bears a highly specific burden. The government may appeal Judge North's underlying order in due course and may do so on an expedited basis if it wishes. However, the government is not entitled to a stay of that order during the course of that appeal, which would result in unlawful pretrial detention without a valid order under the Bail Reform Act.

The government's disagreement with a pretrial release order and intent to

appeal that order does not entitle the government to a *stay* of that order and certainly does not justify extending a defendant's detention following a lawful order of release. A stay is not available to parties merely because they intend to challenge a judge's lawful order. To the contrary, such relief constitutes "an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009). To the contrary, such requests are governed by a highly specific, four-part stay standard, under which the government bears the burden to prove entitlement to such extraordinary relief. Importantly, that relief constitutes the detention of an individual who already has been deemed entitled to release under the law. In this case, the government describes its intent to appeal Judge North's order, but fails entirely to cite—much less attempt to satisfy—the standard for a stay.

To establish entitlement to a stay the movant must establish the following:

(1) the movant's likelihood of success on the merits;

(2) the movant's irreparable injury if the stay is not granted;

(3) whether the stay would substantially harm the other parties; and

(4) whether the granting of the stay would serve the public interest.

*Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). "The party who seeks a stay bears the burden of establishing these prerequisites." *Id.*

Enforcing that standard in the pre-trial release context—and holding the government to its strict burden—is crucial. Indeed, the government is seeking to have

a defendant detained *after* a federal judge (who already heard the government's evidence and arguments) determined that release is mandated under the Bail Reform Act. A stay of that release order extends pretrial detention, imposes a severe restriction on the defendant's liberty, and constitutes a constitutional violation because detention has never been found to be permitted by law and, to the contrary, has already been found to *violate* the law.

Thus, courts have not hesitated to deny government requests for stays of release orders when the prosecution fails to meet the mandated prerequisites for entitlement to a stay. *See, e.g.*, *United States v. Taylor*, No. 21-cr-392 (RCL), 2021 WL 2439231, at *1 (D.D.C. June 15, 2021); *United States v. Khanna*, No. 22-cr-0348, 2023 WL 8195552, at *1 (N.D. Okla. Nov. 22, 2023). The D.C. Circuit has also warned strongly against automatic stays like the one the government seeks in this case, calling the practice "troubling" when it leads to additional detention following a magistrate's finding that the government had not met its burden of proving its entitlement to a defendant's detention. *See United States v. Munchel*, 991 F.3d 1273, 1278 n.2 (D.C. Cir. 2021).

Without even reaching the substance of the motion, the government's failure to brief the stay standard and even attempt to satisfy its burden under that framework constituted waiver, and the stay should be denied on that ground alone. But, notably, even if the prosecution had attempted to satisfy its burden and asked this Court to consider the mandated factors for issuance of a stay, its motion would have failed on the merits. The prosecution has not and cannot demonstrate a

likelihood of success, irreparable harm, lack of substantial harm to another party, or that the stay would serve the public interest. In particular, the government has failed to establish that Mr. Adhami's release pending its appeal would result in irreparable harm when the government did not arrest him until September despite having evidence for months that they believed he previously sent money to Hamas. That alone defeats their argument that a stay pending its appeal is warranted.

Moreover, the government's arguments that Mr. Adhami poses a risk of flight because his assets are unknown is wholly defeated by the fact that the FBI has seized all of his domestic assets (including his two cars, two businesses, and his bank accounts), and, as he established at the hearing, his assets in Palestine are limited to approximately $14,000 U.S. and two parcels of land. Moreover, Mr. Adhami's passports were seized, and there can be no doubt that if the government considered him a serious flight risk, they would have arrested him when they obtained evidence of the allegations in June of this year (at the latest). They did not do so, and nothing has changed to make the risk of flight more serious. If anything, it is significantly lessened by the fact that his passports and assets have largely been seized since his arrest.

Accordingly, because the government's motion to extend the stay did not satisfy let alone address the say factors, undersigned counsel respectfully requests that this Court revoke its order granting an extension of the stay of Mr. Adhami's release from U.S. Marshals custody, or in the alternative set an expedited hearing on the issue of a stay.

Respectfully submitted this 16th day of October, 2026.

CLAUDE J. KELLY
Federal Public Defender

*/s/ Annalisa Mirón*
ANNALISA MIRÓN
Assistant Federal Public Defender
500 Poydras Street, Suite 318
Hale Boggs Federal Building
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
Bar No. 36913