**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **DOCKET NO. 26-cr-211** |
| | * | |
| | * | |
| **VS** | * | **SECTION: "P"** |
| | * | |
| | * | |
| **ABDEL ADHAMI** | * | |
| **OMAR ADHAMI** | * | |

**DEFENDANT ABDEL ADHAMI'S MOTION TO CONTINUE HEARING AND EXTEND BRIEFING DEADLINES ON THE GOVERNMENT'S MOTION TO STAY DEFENDANTS' RELEASE AND REVOKE THE MAGISTRATE'S RELEASE ORDER**

NOW INTO COURT, through undersigned counsel, comes Defendant Abdel Adhami, who respectfully moves this Court for at a least a one-week continuance of the hearing on the Government's Motion to Stay Defendants' Release and Revoke the Magistrate's Release Order (Rec. Doc. 48), and at least a one-week extension of the attendant briefing deadlines, as most recently reset by the Court's Order of October 21, 2026. Undersigned counsel was appointed on October 21, 2026, after those dates were set, and is out of town on a long-scheduled travel until the day the opposition is due. Counsel needs a short, reasonable period to obtain and review the record, confer with Mr. Adhami, and prepare an effective opposition. In support, Mr. Adhami states as follows:

**BACKGROUND**

1.

On September 14, 2026, Defendant Abdel Adhami and his brother, co-defendant Omar Adhami, were arrested on criminal complaints filed September 11, 2026.

2.

On September 17, 2026, a grand jury returned a four-count indictment charging both defendants with: providing material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count 1); conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count 2); conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ [1343/1349] and 2 (Count 3); and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(f), and 2 (Count 4). (Rec. Doc. 9.)

3.

The defendants were arraigned on September 21, 2026. The Court has set a pretrial conference for October 28, 2026, and jury trial for November 16, 2026. (Rec. Docs. 38, 39, 43.)

4.

On September 28, 2026, Magistrate Judge Karen Wells Roby directed the Office of the Federal Public Defender to appoint counsel for both defendants. (Rec. Docs. 20, 22.)

5.

Thereafter, Assistant Federal Public Defender Annalisa Miron enrolled as counsel for Abdel Adhami (Rec. Doc. 30), and Stephen J. Haedicke was appointed under the Criminal Justice Act to represent Omar Adhami (Rec. Doc. 29).

6.

The detention hearing for both defendants was continued on October 7, 2026, before Magistrate Judge Michael North and reset to October 14, 2026. (Rec. Docs. 36, 37, 46, 47.) On that date and after the presentation of testimony and exhibits by the Government and defense

counsel, Magistrate Judge North ordered Abdel and Omar Adhami released on $10,000 unsecured bonds.

7.

Magistrate Judge North nonetheless granted the Government's oral motion to stay the defendants' release pending the Government's stated intent to appeal the release order to this Court, and the defendants were remanded to the custody of the U.S. Marshal until the stay is lifted. (Rec. Docs. 46, 47.)

8.

On October 16, 2026, the Government filed its Motion to Stay Defendants' Release and Revoke the Magistrate's Release Order as to both defendants. (Rec. Doc. 48.) That same day, the Court extended the stay of release pending its ruling on the Government's motion. (Rec. Doc. 49.)

9.

Counsel for both defendants filed emergency motions to revoke the stay of release. (Rec. Docs. 50, 51.) On October 19, 2026, the Court denied Mr. Abdel Adhami's motion. (Rec. Doc. 54.) Omar Adhami's motion (Rec. Doc. 51) was also denied.

10.

On October 19, 2026, the Court ordered that the transcript of the October 14, 2026 detention hearing be prepared and provided to the Court no later than October 22, 2026. (Rec. Doc. 52.)

11.

Also on October 19, 2026, the Court set the Government's motion for hearing on October 26, 2026, at 10:00 a.m., ordered the defendants to file any opposition by October 21, 2026, and

ordered the Government to file any reply by October 23, 2026. (Rec. Doc. 53; see also Rec. Doc. 55.)

12.

On or about October 20, 2026, the Office of the Federal Public Defender determined that it had an unwaivable conflict of interest requiring Ms. Miron to withdraw as counsel for Abdel Adhami.

13.

That same day, CJA Panel Conflict Coordinator Chris Taylor contacted undersigned counsel, Dylan Utley, and asked him to accept appointment to represent Abdel Adhami.

14.

Undersigned counsel agreed, and a motion to substitute undersigned counsel for Ms. Miron was filed. (Rec. Doc. 56.)

15.

On October 21, 2026, this Court granted the motion and appointed undersigned counsel to represent Mr. Abdel Adhami.

16.

Earlier on October 21, 2026, before the substitution, the Court granted Ms. Miron's motion to extend Mr. Adhami's opposition deadline and continue the hearing (Rec. Doc. 57). The Court reset the hearing for October 29, 2026, at 10:00 a.m. as to both defendants, extended the defendants' opposition deadline to October 27, 2026, and extended the Government's reply deadline to October 28, 2026.

**GROUNDS FOR CONTINUANCE**

17.

Undersigned counsel was appointed on October 21, 2026, six days before the current opposition deadline and eight days before the hearing. Undersigned counsel did not participate in the detention hearing and has not met with his new client. The Government's motion asks this Court to review the release order de novo and that review turns on the testimony, exhibits, and proffers presented to Magistrate Judge North during a three-hour detention hearing.

18.

Undersigned counsel has had out-of-town vacation travel scheduled for more than two months, from October 22 through October 26, 2026. That travel takes up five of the six days between counsel's appointment and the October 27 opposition deadline. Counsel returns to work on the day the opposition is due, with no time to review the record, confer with Mr. Adhami, or prepare a response. The extension granted on Ms. Miron's motion was sought by counsel already familiar with the record. It does not account for new counsel, who must learn the case from the beginning. Under the current schedule, counsel cannot adequately respond to the Government's motion or prepare for the hearing.

19.

The record counsel must learn is substantial. The indictment is 36 pages and the criminal complaint is 35 pages. The charges include material support to a foreign terrorist organization, conspiracy to commit wire fraud, and international money laundering conspiracy. The Government introduced six exhibits at the detention hearing, and the defense introduced four. (Rec. Doc. 46.) Counsel must also review the Pretrial Services Bail Report and its addendum. (Rec. Doc. 32.)

20.

In addition, there are at least 23 recorded jail telephone calls at issue, all in Arabic. Counsel does not speak Arabic and must obtain and read English translations of each call before he can address them.

21.

The transcripts of the detention hearings are not due to the Court until October 22, 2026 (Rec. Doc. 52), and undersigned counsel has not yet received them. Undersigned counsel cannot meaningfully address the evidence on which Magistrate Judge North relied, or the Government's challenges to it, without those transcripts.

22.

To respond, undersigned counsel must at a minimum: (a) obtain and review the detention hearing transcripts and exhibits; (b) review the indictment, complaint, Pretrial Services report, and any discovery produced to date; (c) obtain and review prior counsel's file; (d) obtain and review translations of the Arabic jail calls; (e) meet with Mr. Adhami, who remains in custody, regarding the § 3142(g) factors, his proposed conditions of release, and potential third-party custodians; and (f) investigate and, if appropriate, identify witnesses or additional evidence for the hearing.

23.

Mr. Adhami is entitled to the effective assistance of counsel at this critical stage, where his pretrial liberty is at stake. U.S. Const. amend. VI. Requiring newly appointed counsel to proceed on the current schedule would deny him meaningful representation in opposing the Government's motion.

24.

The defense recognizes that a motion to revoke a release order must be "determined promptly." 18 U.S.C. § 3145(a). The requested continuance of at least one week is consistent with that requirement.

25.

The promptness requirement exists to protect the detained defendant, and undersigned counsel seeks this short delay on the defendant's behalf.

26.

Thus, undersigned counsel on behalf of Mr. Adhami, requests that each current date be extended by at least one week.

27.

Undersigned counsel has conferred with Assistant United States Attorney, Gregory M. Kennedy, who does not oppose this motion.

28.

Counsel has also conferred with Stephen J. Haedicke, counsel for co-defendant Omar Adhami, who opposes this motion.

29.

This motion is made in good faith and not for purposes of delay.

WHEREFORE, Defendant Abdel Adhami respectfully prays that this Court grant this motion and continue the hearing on the Government's Motion to Stay Defendants' Release and Revoke the Magistrate's Release Order from October 29, 2026, for at least one week to a later date convenient to the Court and extend the defendants' opposition deadline and the Government's reply deadline accordingly.

Respectfully Submitted,

*/s/ Dylan C. Utley*
DYLAN C. UTLEY (#27894)
DiGiulio Utley, LLC
530 Powder Street, Ste. 3
New Orleans, LA 70114
(504) 524-4080 office
(504) 571-5437 facsimile
(504) 812-8490 mobile
dylan@dylanutley.com

**COUNSEL FOR,**
**ABDEL ADHAMI**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion and order was served on Assistant United States Attorney, Gregory M. Kennedy, via the Court's CM/ECF electronic filing system on the 21st day of October 2026.

*/s/ Dylan C. Utley*
DYLAN C. UTLEY